UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JARINTHON ANTONIO
MORALES GUDIEL,

    Petitioner,

v.                                  Case No.: 2:26-cv-00113-SPC-NPM

GARRETT RIPA *et al.*,

    Respondents,
_____/

## **OPINION AND ORDER**

Before the Court are Jarinthon Antonio Morales Gudiel's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 9). For the below reasons, the Court grants the petition.

Morales Gudiel is a native and citizen of Nicaragua. He entered the United States on November 17, 2022. The Department of Homeland Security ("DHS") briefly detained him before paroling him into the country. DHS commenced removal proceedings on May 27, 2023, and Morales Gudiel applied for asylum and withholding of removal. The application remains pending. Morales Gudiel has no criminal record in this or any other country.

Immigration and Customs Enforcement ("ICE") detained Morales Gudiel on December 17, 2025, when he arrived at an ICE office for a check-in appointment. At a custody redetermination hearing on January 13, 2026, an

immigration court found it had no jurisdiction to consider release on bond, citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Morales Gudiel remains detained at Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Morales Gudiel. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Morales Gudiel asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents filed an abbreviated response objecting to habeas relief but acknowledging this case is not materially distinct from *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025). In that case, the Court explained it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9) and exhaustion is excused because it would be futile. And like the petitioner in that case, Morales Gudiel's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Morales Gudiel has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens

detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Morales Gudiel before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Morales Gudiel to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Morales Gudiel receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jarinthon Antonio Morales Gudiel's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Morales Gudiel for an individualized bond hearing before an immigration judge or (2) release Morales Gudiel under reasonable conditions of supervision. If the respondents release Morales Gudiel, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) Morales Gudiel's requests for declaratory and injunctive relief are denied as moot.

(3)     The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 6, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1